[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 6, 2009
THOMAS K. KAHN
CLERK

No. 08-17199
Non-Argument Calendar

_____

D. C. Docket No. 07-00137-CR-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARIN NIGEL WATERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 6, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

A jury found Tarin Nigel Waters guilty of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and the district court sentenced him to a term of imprisonment of 20 months. Waters now appeals his sentence, arguing that the district court erred in rejecting his request for a two-level reduction of his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a) because he chose to stand trial rather than plead guilty. He also argues that his sentence is substantively unreasonable. Waters asserts that the district court erred by finding that he was not entitled to the reduction as a matter of law because he did not plead guilty and chose to go to trial. Further, he submits that the district court erroneously determined that his trial testimony was unbelievable.

We review the district court's interpretation of the Sentencing Guidelines de novo and the court's factual findings for clear error. United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005). "If [a] defendant clearly demonstrates acceptance of responsibility for his offense," the court may reduce his offense level by two. U.S.S.G. § 3E1.1(a). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," and thus "the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5). "Because demonstration of whether or not the

2

defendant has personally accepted responsibility for his criminal conduct requires a consideration of both objective factors and subjective considerations of the defendant's demeanor and sincerity, the district court's determination will not be overturned unless it is without foundation." United States v. Castillo-Valencia, 917 F.2d 494, 500 (11th Cir. 1990).

In determining whether a defendant qualifies for an offense level reduction under § 3E1.1(a), the district court may consider whether the defendant "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely denying any additional relevant conduct for which the defendant is accountable under [U.S.S.G.] § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1, comment. (n.1(a)). "[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id. The reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1, comment. (n.2). Nevertheless, "conviction by trial . . . does not automatically preclude a defendant from consideration for . . . such a reduction." Id. A reduction may still be warranted such as "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional

3

challenge to a statute or a challenge to the applicability of a statute to his conduct)." Id. "In each such instance, however, a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." Id.

In this case, the district court found Waters' trial testimony incredible. "Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses." United States v. Ramierz-Chilel, 289 F.3d 744, 749 (11th Cir. 2002). Credibility findings by district courts are typically "conclusive on the appellate court unless the judge credits exceedingly improbable testimony." Id. (emphasis in original). "[W]e must accept the evidence unless it is contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." Id.

Waters contends that the court committed clear error in finding his trial testimony incredible. We disagree; what he said at trial was open to rejection by the court at sentencing. Based on the finding that Waters's trial testimony was not credible, Waters's pretrial conduct, and his decision to stand trial, we find no error in the court's determination that Waters failed to demonstrate that he was entitled to an offense level reduction for acceptance of responsibility under § 3E1.1(a).

4

Waters also argues that his sentence is substantively unreasonable because it was an upward variance from the Guideline sentence range that was not justified by the sentencing factors set out in 18 U.S.C. § 3553(a). He asserts that the district court erroneously relied on the public-safety factor by ignoring his cooperation with police officers, his legal possession of a firearm at the time he committed the offense of conviction, and the lack of any evidence showing his intent to harm the public. He maintains that the upward variance was unnecessary because his sentence range was increased based on U.S.S.G. § 2D1.1(b)(1) and that the district court ignored his personal history and characteristics.

When reviewing a sentence for reasonableness, we apply the deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We must first determine that the "district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines sentence range, treating the Guidelines as mandatory, [or] failing to consider the § 3553(a) factors." Id. at ___, 128 S.Ct. at 597. If we conclude that the district court made no procedural errors, we "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. Review for substantive reasonableness under the abuse-of-discretion standard involves inquiring whether

5

the factors in § 3553(a) support the sentence in question.  Id. at ___, 128 S.Ct. at 596.

The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes by the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Guidelines sentence range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims.  18 U.S.C. §§ 3553(a)(1)-(7).  "The district court must evaluate all of the § 3553(a) factors when arriving at a sentence, but is permitted to attach great weight to one factor over others."  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir.) (citation and quotation omitted), cert. denied, (U.S. June 22, 2009) (No. 08-10491).

"In reviewing the reasonableness of a sentence outside the Guidelines range, [we] may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines."  Gall, 552 U.S. at ___; 128 S.Ct. at 595-96.

6

"When the district court decides after serious consideration that a variance is in order, it should explain why that variance is appropriate in a particular case with sufficient justifications." Shaw, 560 F.3d at 1238 (quotation omitted). "The justifications must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." Id. (quotations omitted). However, the district court need not provide an extraordinary justification for a sentence outside the guideline range. Id. The district court has "considerable discretion" in deciding whether and the extent to which a variance is appropriate under the § 3553(a) factors, and we accord its decision "due deference." Id. We will vacate a sentence due to a variance only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. (quotation omitted).

Waters's sentence was substantively reasonable because the record does not show that the district court made a clear error of judgment in weighing the § 3553(a) factors and determining that an upward variance was appropriate.

AFFIRMED.